IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| BOBBY G. TODD, | ) | Civil No.: 3:12-cv-2239-JE |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION AND ORDER |
| v. | ) | |
| | ) | |
| CITY OF PORTLAND; | ) | |
| STATE OF OREGON, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

        Bobby G. Todd
        No Address Given
        Portland, OR

            Plaintiff *pro se*

JELDERKS, Magistrate Judge:

        Pro se Plaintiff Todd brings this action against the City of Portland and the State of Oregon. Plaintiff's Complaint form alleges that the City of Portland and State of Oregon have taken the property of "homeless people" and discriminated against Plaintiff and all American citizens in favor of "illegal foreign nationals." Plaintiff has applied to proceed *in forma pauperis* and has moved for the appointment of pro bono counsel.

        Plaintiff's application to proceed *in forma pauperis* is granted and his motion for

FINDINGS AND RECOMMENDATION AND ORDER - 1

appointment of counsel is denied.  For the reasons set forth below, Plaintiff's complaint should be dismissed, without service of process, on the basis that it fails to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

### <u>Background</u>

Plaintiff sets forth a variety of wide-ranging allegations against the City of Portland and State of Oregon.  In the first portion of the complaint, Plaintiff alleges that in 1986, the State of Oregon "began a campaign to prevent myself from establishing a church on state forest," including several years of harassment and a covert pursuit of Plaintiff even after he left the state.

The claim further alleges that the City of Portland is using "their Parks department to attack homeless people by taking their property and not enforcing laws to protect the general public."  Plaintiff's apparent basis for this allegation is that after he "filed suit in attempt to have the court intervene against U.S., Mexico, and Green Dimond Corp. [sic]," he was "assaulted on the street" and "had guns fire" near him while in Forest Park.  Plaintiff further explains that, according to his neighbors, the gunfire originated from a home near the west side of the St. John's Bridge, which Plaintiff refers to as "bottom 3 house of hispanics."  Plaintiff alleges that upon reporting these events to Portland police, they refused to make a report and instead the Parks Department left an eviction notice at his "homeless class camp."

The second portion of Plaintiff's complaint generally alleges that the State of Oregon is pursuing a pattern of discrimination against American citizens "in favor of illegal foreign nationals because of their money benefits" which is "creating a slave class and causing the death of American citizens by discrimination in public accommodation; bathroom, jobs, laundry mats, libraries, housing, health care, social services."

FINDINGS AND RECOMMENDATION AND ORDER - 2

Plaintiff's complaint asserts there is federal question jurisdiction pursuant to "1898-9 Act, church, school, cemetary 33 Acers[sic]."  The prayer for relief also names this "1898-9 Act," pursuant to which Plaintiff seeks a grant of a total of 33 acres of land, presumably within Forest Park, for a church, a school, and a cemetery.  Plaintiff also seeks an injunction against the Parks Department's confiscation of property, and $10,000,00.00 in damages to build the church, school, and cemetery.  Plaintiff proposes that the $10,000,000.00 be collected as asset forfeiture for the police department's alleged refusal to protect him from threats of violence "by foreign nationals on public lands."

## Discussion

Under 28 U.S.C. § 1915(e)(2)(B), a complaint filed *in forma pauperis* must be dismissed before service of process if it is frivolous, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.

In order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also,  Ashcroft v. Iqbal, 556 U.S. 662 (2009)(specifically applying Twombly analysis beyond the context of the Sherman Act). The court must liberally construe a pro se plaintiff's complaint and permit amendment unless the deficiencies in the complaint cannot be cured by amendment.  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-624 (9th Cir. 1988).

Regardless of how liberally Plaintiff's Complaint is construed, it fails to state a claim upon which relief can be granted.  As an initial matter, this Court is unaware of any "1898-9 Act" which could form the basis for jurisdiction in this court or which allows the federal

government to provide grants of state land to private citizens to be used for churches, schools, or cemeteries.

Plaintiff also asserts discrimination claims for which he seeks damages, injunctive relief and a grant of property.  I, therefore, construe his claims as alleging a cause of action under 42 U.S.C. § 1983.  See Bank of Lake Tahoe v. Bank of America, 318 F. 3d 914, 917-918 (9th Cir. 2003)("a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. §1983" (quoting Azul–Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir.1992))).

Plaintiff alleges that the State of Oregon "is pursuing a pattern of discrimination against American citizens in favor of illegal foreign nationals" and prevented him from establishing a church on state forest.  Plaintiff then alleges that the State of Oregon has corrected its action. Even if these allegations supported a cognizable claim, which I conclude they do not, the Eleventh Amendment bars suits in federal court against the state or its agencies for all types of relief, absent unequivocal consent by the state. Pennhurst v. Halderman, 465 U.S. 89, 100-101 (1984).  Unequivocal consent is not present here.  Therefore, Plaintiff's claims against the State of Oregon necessarily fail.

Likewise, Plaintiff's claims against the City of Portland should be dismissed for failure to state a claim.  As a threshold matter, Plaintiff lacks standing to bring any claim based on allegations that the City is using its Parks Department to "attack homeless people by taking their property" and "failing to enforce laws to protect the general public."  See Colwell v. Dept. of Health and Human Services, 558 F. 3d 1112, 1121-1122 (9th Cir. 2009)(setting out the three elements necessary to satisfy the jurisdictional requirements of Article III "standing," including that the plaintiff must have suffered an "injury in fact").

FINDINGS AND RECOMMENDATION AND ORDER - 4

Furthermore, municipalities may only be held liable under § 1983 if the alleged constitutional deprivation is the result of execution of a municipality's governmental policy or custom. Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 694 (1978).

Even construing the pleadings liberally, the allegations against the City of Portland fail to support a claim upon which relief can be granted.  Plaintiff's allegation that the "Parks Department left an eviction type notice" at his camp in Forest Park is insufficient to assert constitutional violations by the City of Portland. Cf. Lavan v. City of Los Angeles 693 F.3d 1022, (9th Cir. 2012)(municipality's seizure and immediate destruction without notice of homeless persons' unabandoned property on public sidewalks violated Fourth and Fourteenth Amendments).  Likewise, Plaintiff's allegation that Portland Police failed to take a report about "assaults and gunfire" is overly vague and ultimately insufficient to support a claim against the City of Portland for any deprivation of Plaintiff's constitutional rights. See DeShaney v. Winnebago Cnty. Dep't of Social Servs., 489 U.S. 189, 195-96 (1989) (purpose of the Due Process Clause of the Fourteenth Amendment is to protect the people from the State, not to ensure that the State protected them from each other).

Plaintiff has not alleged any facts that might subject any of the named defendants to liability under any cognizable legal theory.  Therefore, Plaintiff's complaint should be dismissed and, because it is apparent that the deficiencies of the complaint cannot be cured by amendment, the dismissal should be with prejudice.  Under these circumstances, appointment of counsel would be futile.  Even if this were not the case, there is normally no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986); 28 U.S.C. § 1915(e)(1).

FINDINGS AND RECOMMENDATION AND ORDER - 5

**Conclusion**

Plaintiff's application to proceed *in forma pauperis* (#1) is GRANTED.  Plaintiff's

motion for appointment of pro bono counsel (#3) is DENIED.  This action should be

DISMISSED without service of process for failure to state a claim upon which relief may be

granted.  A judgment should be entered dismissing this action with prejudice.

**Scheduling Order**

This Findings and Recommendation will be referred to a district judge.  Objections, if

any, are due by April 8, 2013.  If no objections are filed, then the Findings and Recommendation

will go under advisement on that date.

If objections are filed, then a response is due within 14 days of being served with a copy

of the objections.  When the response is due or filed, whichever date is earlier, the Findings and

Recommendation will go under advisement.

Dated this 20th day of March, 2013.


___/s/ John Jelderks_____
John Jelderks
U.S. Magistrate Judge